UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **MORRIS GARNER,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:07cv0019 AS |
| | ) | |
| **WILLIAM WILSON, Acting Superintendent,** | ) | |
| | ) | |
| Respondent | ) | |

### *MEMORANDUM, OPINION AND ORDER*

On or about January 12, 2007, *pro se* petitioner, Morris Garner, an inmate at the Westville Correctional Facility (WCF) in Westville, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on May 14, 2007, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the WCF in this district. He was sanctioned for a deprivation of 60 days earned credit time which is barely enough to invoke *Wolff v. McDonnell*, 418 U.S. 539 (1974). The additional sanction included a 60-day loss of recreation privileges and time served in disciplinary segregation, which do not implicate a liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995). The administrative proceedings involving Morris Garner are designated as WCC 06-09-0249

There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit.  *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The petitioner at one point raised the issue with regard to an impartial board and fair hearing which would invoke *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984).  A close examination of the proceedings here indicate that there is no basis for relief under *Redding*.  This court does not bottom any decision here on harmless error.  The petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**   June 21, 2007

S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**